UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

LILIA ACHAVAL

    Plaintiff,

v.

CENTER FOR DIGESTIVE MEDICINE, PLLC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, LILIA ACHAVAL (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, CENTER FOR DIGESTIVE MEDICINE, PLLC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA") to redress injuries resulting from Defendant's unlawful, age based discriminatory treatment of and retaliation against Plaintiff.

### PARTIES

2. Plaintiff, LILIA ACHAVAL, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant CENTER FOR DIGESTIVE MEDICINE, PLLC., is a Florida Professional Limited Liability Company and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to ADEA, 29 U.S.C. §623, et. seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute.

5. Plaintiff is an "employee" within the meaning of the ADEA.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. The Plaintiff is a 65-year-old female.

12. On or around May 17, 2017, the Plaintiff was hired by the Defendant as an operator. The Plaintiff was 61 years old at the time of being hired.

13. On or around December 2018, Ivette Munoz started working as the office manager for Defendant.

14. On or around February 2019, Plaintiff requested from Ivette Munoz the position of medical assistant that had opened up recently in the company. Plaintiff explained to Ivette Munoz that she had the qualifications for the position, instead she was moved to the front desk instead. The Plaintiff was then 63 years old.

15. Instead of giving the newly opened position of medical assistant to Plaintiff, who was qualified for the position, Defendant hired new medical assistants who were all under the age of 25 years old.

16. After the new medical assistants were hired, Plaintiff began hearing comments from Dr. Carmen Gonzales who worked for Defendant, stating that Plaintiff was deaf and old, and that Defendant should fire Plaintiff and replace her with younger staff.

17. On May 10, 2019, Ivette Munoz met with Plaintiff and told her that she was being fired due to complaints received from patients with regards to her performance. However, Dr. Marc Avila informed Plaintiff that the reason given to her was not accurate as patients were actually very happy with Plaintiff's performance.

18. As a result of Defendant's discriminatory and retaliatory treatment of Plaintiff based on her age, Plaintiff has suffered damages and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

19. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-18 above as is set out in full herein.

20. Plaintiff is in the protected age category under the ADEA.

21. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

22. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

23. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

30. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

31. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

32. Defendant is a covered employer to which the ADEA applies.

33. Defendant constructively discharged and disqualified Plaintiff from employment because of Plaintiff's age.

34. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

*/s/ Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088